UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. PARTON and<br>LAURIE A. PARTON,<br><br>    Plaintiffs,<br><br>    vs.<br><br>STATE FARM FIRE & CASUALTY CO.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 4:11CV00232 ERW<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Robert Parton and Laurie Parton's Motion to Remand [doc. #9].

## I.  PROCEDURAL BACKGROUND

Plaintiffs Robert Parton and Laurie Parton ("Plaintiffs") originally filed this suit against Defendant State Farm Fire & Casualty Company ("Defendant") in the Circuit Court of Jefferson County, Missouri, asserting claims for breach of contract and vexatious refusal under Missouri law. Defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). In the present Motion, Plaintiffs ask the Court to remand this case under the provisions of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015.

## II.  DISCUSSION

Plaintiffs argue that insofar as the McCarran-Ferguson Act reverse-preempts federal statutes in favor of state statutes where applying the federal statute would frustrate the state's efforts to regulate the insurance business, the diversity jurisdiction statute, § 1332, is reverse-preempted by the Act because applying it would conflict with the state statute under which Plaintiffs assert their Count II for vexatious refusal, Mo. Rev. Stat. § 375.420.  Defendant

contends that this case is properly in federal court because exercising diversity jurisdiction under § 1332 would not frustrate or otherwise affect application of the Missouri statute governing vexatious refusal claims.

Section 2(b) of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." Thus, "[a] federal statute is inverse-preempted under the McCarran-Ferguson Act if (1) it does not specifically relate to the business of insurance; (2) the state statute was enacted for the purpose of regulating the business of insurance; and (3) the federal statute would invalidate, impair, or supersede the state statute." *Murff v. Prof'l Med. Ins. Co.*, 97 F.3d 289, 291 (8th Cir. 1996) (internal alterations, quotations, and citation omitted).

Assuming without deciding that the first two prongs of that test are met here, Plaintiffs still are not entitled to remand because exercising diversity jurisdiction over Plaintiffs' vexatious refusal claim would not "invalidate, impair, or supersede" Missouri's vexatious refusal statute. With respect to this third prong, the Supreme Court has held that "[w]hen federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran-Ferguson Act does not preclude its application." *Humana Inc. v. Forsyth*, 525 U.S. 299, 310 (1999). Plaintiffs clearly cannot meet this standard because the extent of their argument on this issue is that a Missouri state court is "uniquely equipped to interpret Missouri law," and this argument does not suggest any actual conflict or interference between § 1332 and Missouri's vexatious refusal statute. Furthermore, if Plaintiffs were correct that remand is warranted on this basis, the McCarran-Ferguson Act would prohibit federal courts from ever deciding state-law

2

claims concerning insurance disputes, and it is apparent that this is not the case. *See, e.g.*, *Murff*, 97 F.3d at 293 (The McCarran-Ferguson Act's "strong federal policy of deferring to state regulation of the insurance industry . . . does not translate into state preemption of federal jurisdiction . . . .") (internal quotations and citations omitted). In short, this Court's exercise of diversity jurisdiction over Plaintiffs' vexatious refusal claim does not *per se* "invalidate, impair, or supersede" the underlying state statute, and remand under the McCarran-Ferguson Act is therefore not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #9] is **DENIED**.

Dated this 5th Day of May, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE